The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 37 years old with a date of birth of 10-24-58. Plaintiff had completed the 12th grade. Plaintiff has essentially worked as a welder throughout his work history. Defendant is in the business of welding parts for various companies. Plaintiff worked as a welder for defendant-employer.
2. Plaintiff testified that he suffered an injury by accident on November 22, 1994 when he was moving large frames at the employer. Plaintiff testified that he was working with Joe Sadler, a co-employee at the time the incident occurred.
3. The Employer's work records document that no work was being done on frames on November 22, 1994. No frames had been worked with for at least 5 days prior to November 22. 1994. The Employer's records also document that Joe Sadler was on vacation on November 22, 1994 and for that entire week.
4. Shortly before plaintiff contends he was hurt at work, he was warned that he would be terminated for absenteeism if he did not improve on his attendance. The plaintiff alleges to have injured himself approximately one week thereafter.
5. The plaintiff went to the doctor on November 28, 1994 complaining of asthma and back pain in his left lower back. He complained that his back pain had been present on and off for one year. He did not mention any on-the-job incident or problem. He returned to his family physician on December 1, 1994 and made no mention of an on-the-job injury at work. The plaintiff went to the emergency room on November 30, 1994 complaining of back pain that had become progressively worse over the past week after heavy lifting at work. Plaintiff returned to the emergency room on December 20, 1994 indicating that his back pain began at work on November 26, 1994, a Saturday when the employer was not operating.
6. Plaintiff did not report his on-the-job injury to his supervisor, Jeff Adkins, until December 1, 1994. Employee's are told to report on-the-job accidents immediately. Plaintiff did not report any accident to his supervisor when it occurred. Between November 22 and December 1, plaintiff did his regular job and did not ask for any light duty or indicate that he was having any difficulty performing his job.
7. Plaintiff also failed to report the alleged injury to his foreman, Jay Smith, until December 1, 1994. Jay Smith had an opportunity to observe plaintiff between November 22, 1994 and December 1, 1994 and did not observe plaintiff having any difficulty performing his job.
8. Plaintiff was terminated for reasons unrelated to his alleged injury in February, 1995. On the day that he was terminated, Mr. Smith assisted plaintiff in leaving the premises. Mr. Smith observed plaintiff lift a tool box weighing approximately 60 pounds and carry it approximately 600 yards without difficulty. Mr. Smith observed plaintiff lift the tool box into his car without difficulty.
9. The undersigned finds plaintiff's testimony that he sustained an injury on November 22, 1994 not credible. The findings are based on the inconsistencies noted above and is further based on the following:
 (a) When plaintiff completed his employment application at B W Metal Fabricators, he indicated that his name was Michael Wayne Shaw when in fact his name is Michael Wesley Shaw. Plaintiff also told the adjuster in the recorded statement that his name was Michael Wayne Shaw. Plaintiff has a criminal record under his real name of Michael Wesley Shaw.
 (b) Plaintiff in his interrogatory answers indicated that he could only recall being charged with minor traffic violations. However, plaintiff's criminal record indicates that plaintiff had in fact been charged with numerous offenses, including a felony conviction for maintaining a place for controlled substances, a felony conviction for selling marijuana, as well as several felony probation violations. Plaintiff was also asked on his employment application if he had ever been convicted of a felony and he indicated that he had not.
 (c) Plaintiff testified at the hearing that he was not certain as to the co-worker with whom he was working at the time of the incident when he had indicated in his recorded statement and interrogatory responses that it was Joe Sadler.
 (d) Plaintiff denied ever having slipped and fallen on steps injurying his back in approximately May, 1989 even though his answers to interrogatories indicate that he did and his medical records indicated that he had in fact suffered such an injury. Plaintiff also denied various other back problems he had that were documented in the medical records received into evidence.
 (e) The plaintiff testified that he was out of work following the accident, but his employment record shows that he continued to work after the accident for several days.
 (f) The plaintiff failed to relate that he had obtained employment at the Everett Company in his interrogatory responses.
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On November 22, 1994, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer and he did not injure his back as a result of a specific traumatic incident while performing his assigned job duties. N.C.G.S. 97-2(6).
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be and the same is hereby DENIED.
2. Each side shall pay their own costs.
 S/ _______________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________ THOMAS J. BOLCH COMMISSIONER
S/ _______________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/rst
4/8/97